---

## SURROGATE'S COURT.

### In Matter of Estate of WILLIAM A. BATCHELOR.

*Practice — as to citation on applying for administration with the will annexed — Code of Civil Procedure, section 2644.*

A creditor having only an inferior right to administration, dependent on the renunciation or disavowal of the right by all others who had a prior right, must proceed by petition and citation; and since by the Code of Civil Procedure (*sec.* 2644), it is provided that "the petition must pray that all persons having a prior right, who have not renounced, be cited to show cause why administration should not be granted to the petitioner," a creditor cannot take a citation to show cause why administration should not be granted to the public administrator. The proposed administrator, with the will annexed, must himself be a petitioner.

*New York County, January,* 1883.

ROLLINS, *S.* — In February last Mary A. Batchelor, executrix of one Charles Batchelor, deceased, and claiming to be, as such, a creditor of decedent's estate, presented to the surro-

gate a petition· alleging that the will of decedent had been admitted to probate in the state of Maryland, and that an exemplified copy thereof had been filed in this court. The petition also averred that testamentary letters had been issued in Maryland to decedent's widow, Lucretia A. Batchelor ; that there were unadministered assets of the estate in the county of New York ; that decedent had left him surviving several next of kin and heirs-at-law, whose names were set forth ; that Lucretia A. Batchelor had been cited to appear and qualify as executrix, or show cause why she should not be deemed to have renounced ; that she had failed to appear, and that thereupon an order had been entered declaring her to have renounced. The petition then prayed for a citation to the said next of kin and heirs-at-law, to appear and show cause why letters of administration with the will annexed in decedent's estate should not be issued *to the public administrator of this county.* A citation was thereupon issued, which in an important particular failed to conform to the prayer of the petitioner ; for it cited the parties to show cause why letters of administration with the will annexed should not be granted to *the petitioner herself.*

This citation was returned in April. It is claimed that the service upon some of the parties was worthless, but it is unnecessary to pass upon that contention, for reasons which will presently appear.

The petitioner seems to have thought fit to abandon this proceeding, and in June, 1882, she asked and obtained leave to withdraw the petition above referred to, and to file another in its stead. The new petition contained allegations similar to the other, and added to the various persons originally named as the next of kin and heirs at law, had, with the single exception of William A. Batchelor, failed to appear on the return day of the citation. It prayed for a citation to William A. Batchelor (but to no other persons whomsoever) to appear and show cause why letters of administration, with the will annexed, should not be granted *to the public administrator.*

A citation was issued in strict conformity with the second petition, and seems to have been duly served.

Upon the proceedings above recited, I am not warranted in granting either original or ancillary letters of administration with the will annexed.

1. Not ancillary letters: The Code prescribes, by sections 2697, 2698, 2699, to whom such letters shall issue and what steps shall be taken to procure their issuance. Those steps have not been taken in the present case, and neither the petitioner nor the public administrator, in whose behalf she applies, shows any title to letters ancillary.

2. If it be assumed that in such a case as the present a grant of original letters might lawfully be made upon a proper application, it is plain that they cannot be issued upon the papers now before me.

Sections 2643 and 2644 of the Code establish the procedure by which the authority of the court in this regard must be set in motion. The former section prescribes the order of priority of right to the letters. The latter provides that an application for their issuance must be made by petition, unless every person having a prior right has renounced, and that such petition must pray that all persons having a prior right, and who have not renounced, be cited to show cause why administration should not be granted *to the petitioner*.

In the present case the applicant asks that a citation issue to the respondent, William A. Batchelor, to show cause why letters should not be granted *to the public administrator*, and the citation corresponds with the petition.

The applicant, if she desired to initiate these proceedings, should have asked for her own appointment, and should have cited the public administrator and such other party or parties as were entitled in priority to letters of administration with the will annexed.

Petition dismissed.